UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CR-19-CDP-NAB |
| ) | |
| SHAUN LEACHMAN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Defendant Shaun Leachman is charged in a one count Indictment with being a felon in possession of a firearm in violation of 18 United States Code 922(g)(1). On June 1, 2018, Leachman filed a Motion to Suppress Physical Evidence seized from Defendant and/or his residence on November 30, 2017. [Doc. #25.] The United States filed a response to Defendant's Motion on June 18, 2018. [Doc. #27.] The matter was set for an evidentiary hearing on July 11, 2018, however, the Government failed to call witnesses and the parties agreed to submit the motion on the pleadings. On July 11, 2018, counsel filed an exhibit in this matter and the motion was taken under submission.

For the reasons set forth below, the undersigned recommends that Defendant's motion be denied.

**I.   FINDINGS OF FACT**

The undersigned is limited to the facts as agreed to by the parties. On November 27, 2017, a judge in the Circuit Court of the City of St. Louis signed a warrant authorizing the search of a home at 4732 McMillan. An affidavit in support of the search warrant was signed by Police Officer Christopher Myers. Officer Myers' sworn affidavit stated that on October 18, 2017, he

1

and his partner received information from a confidential informant that Defendant Leachman sells drugs while in possession of several firearms at the McMillan address. On October 31, 2017, the same informant told Detective Thomas Scanlon that Leachman's girlfriend ("CB") was holding narcotics for him. After receiving that information from Detective Scanlon, Officer Myers and his partner conducted a pedestrian check of the woman and a search incident to arrest revealed possession of cocaine. Leachman came to the police department following CB's arrest and retrieved two keys which were in CB's possession at the time of her arrest.

On November 9, 2017, Detective Scanlon conducted a controlled buy of narcotics from Leachman at the McMillan address. The affidavit also set forth Leachman's prior arrest history and stated that Leachman was on federal supervised release at the time of the application for the warrant. Officers showed the informant a photo of Leachman and the informant positively identified him as the target.

## II.   CONCLUSIONS OF LAW

"A supporting affidavit establishes probable cause to issue a search warrant if it 'sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched.'" *United States v. Brackett*, 846 F.3d 987, 922 (8th Cir. 2017) (quoting *United States v. Snyder,* 511 F.3d 813, 817 (8th Cir. 2008)). "The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." *United States v. Seidel*, 677 F.3d at 334, 338 (8th Cir. 2012) (quoting *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1982)).

The Supreme Court observed in *Illinois v. Gates*, that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily,

or even usefully, reduced to a neat set of legal rules." 462 U.S. 213, 232, 103 S.Ct. 2317, 2329 (U.S. 1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him…there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238-39.

Leachman argues that the information set forth in the search warrant was stale and not sufficient to establish that there would be a fair probability that contraband would be found at the time. "A warrant becomes stale if the information supporting the warrant is not 'sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search.'" *United States v. Brewer*, 588 F.3d 1165, 1173 (8th Cir. 2009) (quoting *United States v. Palega*, 556 F.3d 709, 715 (8th Cir. 2009)). "Important factors to consider in determining whether probable cause has dissipated ... include the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject to the search." *Brewe*r, 588 F.3d at 1173 (quoting *United States v. Gibson*, 123 F.3d 1121, 1124 (8th Cir. 1997)).

According to the affidavit, officers conducted one narcotics buy at the McMillan address three weeks before the search warrant was executed. Leachman contends that because the affidavit does not state that there was police surveillance of the residence nor does it set forth details of the controlled buy, there was insufficient information for the judge to make a probable cause determination.

In investigations of ongoing narcotics operations, intervals of weeks or months between the last described act and the application for a warrant do not necessarily make the information

3

stale. *United States v. Ortiz-Cervantes*, 868 F.3d 695, 700 (8th Cir. 2017) (quoting *United States v. Jeanetta*, 533 F.3d 651, 655 (8th Cir. 2008)). A lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated. *Ortiz-Cervantes*, 868 F.3d at 700 (citing *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010)). Although drugs can easily be concealed and moved about, the facts of a particular case may demonstrate "a continuing pattern of behavior" sufficient to establish probable cause even with months-old information. *Id.* at 700.

In this case, the investigation began with information from a confidential informant that Leachman was selling narcotics from the house on McMillan, two weeks later, Leachman's girlfriend, CB, was arrested after the same informant told police that CB was holding drugs for Leachman. In addition, after CB was arrested, Leachman went to the police station to retrieve two keys, he claimed were to their residence. Less than two weeks later, Officer Scanlon bought narcotics from Leachman at the McMillan house. This information supported Officer Myers' belief that Leachman was continuing to sell drugs from 4732 McMillan. *See, e.g.*, *United States v. Colbert,* 828 F.3d 718, 727 (8th Cir. 2016) (reasoning information obtained several months before the application for a search warrant was not stale where there was evidence of an ongoing criminal enterprise as recently as three weeks before the warrant application).

### III.   CONCLUSION

The information set forth in the affidavit in support of the search warrant established that there was a fair probability that contraband would be found in the house. Therefore, the undersigned recommends that the motion to suppress be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Motion of Defendant to Suppress Physical Evidence [Doc. #25] should be **DENIED**.

The trial in this matter has been set before the **Honorable Catherine D. Perry** on **Monday, October 1, 2018 at 8:30 a.m.**

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of August, 2018.